# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 7, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**VICKI KUHN,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0661** (BOR Appeal No. 2047846)
                    (Claim No. 2012004048)

**PPG INDUSTRIES, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Vicki Kuhn, by Jonathan C. Bowman, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. PPG Industries, Inc., by Gary W. Nickerson and James W. Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 21, 2013, in which the Board affirmed an October 29, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 13, 2011, decision rejecting Ms. Kuhn's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Kuhn worked at a chemical plant for PPG Industries, Inc. During her employment, Ms. Kuhn frequently sought treatment and diagnostic services relating to breathing problems. This included diagnostic care at Ohio Valley Asthma and Allergy Institute, which determined that she had significant allergies to all pollens as well as dog and cat dander. Following this determination, Ms. Kuhn came under the care of Michael Blatt, M.D., who believed that her occasional wheezing and chest tightness were related to asthma. Dr. Blatt also suggested that Ms. Kuhn should not be exposed to chemical fumes, and because of his recommendation, Ms. Kuhn

1

stopped working on December 23, 2010. Ms. Kuhn was then referred to Krisha Urval, M.D., who found that her wheezing was better controlled since she stopped working around chemicals. Dr. Urval also determined that Ms. Kuhn's allergy symptoms had gotten worse since she had gotten a cat. Ms. Kuhn then applied for workers' compensation benefits alleging that her repetitive exposure to chemicals at work caused her asthma. Her application was signed by Dr. Blatt, but he did not list any specific chemicals which could have caused her symptoms. Dr. Blatt indicated that he was unsure which chemical was causing Ms. Kuhn's shortness of breath, but he believed there was some relationship between her work and her symptoms. On October 13, 2011, the claims administrator rejected Ms. Kuhn's application for workers' compensation benefits. Following this rejection, Ms. Kuhn came under the care of Richard Ryncarz, M.D., who found that she had a history of asthma and chronic bronchitis. He also found that she had a history of exposure to various chemicals. Dr. Ryncarz performed pulmonary function studies on Ms. Kuhn and found that there was no evidence of obstructive or restrictive disease. Joseph J. Renn III, M.D., then evaluated Ms. Kuhn and found that there was no evidence of bronchospastic airway disease, including asthma. Dr. Renn based this finding on the pulmonary function studies in her record which were essentially normal. Dr. Renn further determined that Ms. Kuhn's symptoms did not meet the criteria for asthma because she did not have airflow limitation that was reversible with treatment. Dr. Renn found that in 1997 Ms. Kuhn had donated the lower lobe of her left lung. Dr. Renn believed that her current breathing problems were related to this surgery and her natural aging. On October 29, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on May 21, 2013, leading Ms. Kuhn to appeal.

The Office of Judges concluded that Ms. Kuhn had not developed asthma in the course of and resulting from her employment. It found that the evidence in the record did not support the diagnosis of asthma. In making this determination, the Office of Judges relied on the opinion of Dr. Renn and pointed out that the pulmonary function studies in the record did not evidence sufficient airflow limitation to diagnose Ms. Kuhn with asthma. The Office of Judges noted that even Dr. Ryncarz did not find objective evidence of obstructive or restrictive lung disease. The Office of Judges also pointed out that Dr. Ryncarz did not specifically diagnose Ms. Kuhn with asthma but instead indicated that her symptoms were similar to those caused by asthma. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Kuhn has not demonstrated that she developed any disease in the course of and resulting from her employment. The evidence in the record is not sufficient to show that her breathing problems are anything more than an ordinary disease of life. The diagnosis of asthma is not supported by the objective evidence in the record. The pulmonary function studies in the record were within normal limits and did not demonstrate an obstructive or restrictive cause of her symptoms. The record also does not establish a causal connection between her symptoms and her work. Dr. Blatt suggested that there was some relationship between her occupation and her breathing problems, but Dr. Blatt did not provide any medical support for this suggestion. He was also unable to attribute her symptoms to any specific chemical that she would have been exposed to at work. The connection between Ms. Kuhn's symptoms and her occupation is too tenuous to support her application for workers' compensation benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 7, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3